# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC., and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>AKAMAI TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 2:17-cv-00375<br><br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (together, "Uniloc"), as and for their complaint against defendant, Akamai Technologies, Inc. ("Akamai"), allege as follows:

## THE PARTIES

1. Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.  Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Upon information and belief, Akamai is a Delaware corporation having a principal place of business in Cambridge, Massachusetts and a regular and established place of business at 15950 Dallas Parkway Suite 225, Dallas, Texas 75248.  Upon information and belief,

Akamai offers its products and services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.  Akamai may be served with process through its registered agent in Texas: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Akamai is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in Texas and this judicial district.

6. Akamai is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business in Dallas, Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas, including National Instruments Corporation.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,564,229)

7. Uniloc incorporates paragraphs 1-6 above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,564,229 ("the '229 Patent"), entitled SYSTEM AND METHOD FOR PAUSING AND RESUMING

MOVE/COPY OPERATIONS that issued on May 13, 2003.  A true and correct copy of the '229 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '229 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. The following image from https://msdn.microsoft.com shows that the Akamai Download Manager can be used to download computer files:



11. The following image from https://helpx.adobe.com shows that some Adobe products use Akamai Download Manager:

12. The following browser window image shows the Akamai Download Manager downloading Adobe Technical Communication Suite 2017 to a user's computer:



13. The following browser window image shows that users can pause the download process using the pause key feature on the Akamai Download Manager:



14. The following browser image shows that the user can resume the download process using the resume key on the Akamai Download Manager to read a second portion of a source file:



15. Akamai has directly infringed, and continues to directly infringe one or more claims of the '229 Patent in the United States during the pendency of the '229 Patent, including at least claims 10-11, 14, 16 and 18-19 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Download Manager during the pendency of the '229 Patent which software and associated architecture *inter alia* allows a

user to copy data from an Akamai device to the user's device, the user pausing the download to allow for other use of the user's device, the user resuming the download in order to receive a second portion of the software from Akamai.

16. In addition, should the Akamai Download Manager be found to not literally infringe the asserted claims of the '229 Patent, the product would nevertheless infringe the asserted claims of the '229 Patent. More specifically, the product performs substantially the same function (transferring blocks of data), in substantially the same way (via pause and resume), to yield substantially the same result (copying data from a source file to a target file on a computer system). Akamai would thus be liable for direct infringement under the doctrine of equivalents.

17. Akamai has indirectly infringed and continues to indirectly infringe at least claims 10-11, 14, 16 and 18-19 of the '229 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Akamai Download Manager and associated software. Akamai's customers who use Download Manager in accordance with Akamai's instructions directly infringe one or more of the foregoing claims of the '229 Patent in violation of 35 U.S.C. § 271. Akamai directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides for the accused product, such as those located at one or more of the following:

- www.akamai.com
- https://support.akamai.com
- https://community.akamai.com
- https://edge.akamai.com

- https://developer.akamai.com

- http://blogs.akamai.com

- https://itunes.apple.com/us/app/akamai

- https://play.google.com/store/apps/details?id=com.akamai

- www.youtube.com, including:

- www.youtube.com/user/akamaitechnologies

- www.youtube.com/watch?v=1fktRTLqylM

Akamai is thereby liable for infringement of the '229 Patent under 35 U.S.C. § 271(b).

18.   Akamai has indirectly infringed and continues to indirectly infringe at least claims 10-11, 14, 16 and 18-19 of the '229 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Akamai Download Manager, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '229 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19.   For example, the software comprises a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the software is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Akamai is, therefore, liable for infringement under 35 U.S.C. § 271(c).

20. Akamai will have been on notice of the '229 Patent since, at the latest, the service of this complaint.  By the time of trial, Akamai will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 10-11, 14, 16 and 18-19 of the '229 Patent.

21. Akamai may have infringed the '229 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Akamai Download Manager.  Uniloc reserves the right to discover and pursue all such additional infringing software.

22. Uniloc has been damaged by Akamai's infringement of the '229 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Akamai as follows:

(A)    that Akamai has infringed the '229 Patent;

(B)    awarding Uniloc its damages suffered as a result of Akamai's infringement of the '229 Patent;

(C)    awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)    granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: May 1, 2017                                     Respectfully submitted,

*/s/ Edward R. Nelson III*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: pjhayes@princelobel.com
Email: jjfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**